In the Matter of the Application of the CITY OF BUFFALO, Appellant, to Acquire Lands under the Buffalo River.

CHARLES E. APPLEBY, as Trustee of the OGDEN LAND COMPANY, Respondent.

1. BUFFALO (CITY OF) — CONDEMNATION OF BED OF BUFFALO RIVER IN ORDER TO IMPROVE NAVIGATION OF SUCH RIVER — CHARTER PROVISIONS RELATING THERETO. Under provisions of its charter (L. 1891, ch. 105, § 405, as amd. by L. 1900, ch. 571, § 1, and § 417, as amd. by L. 1900, ch. 571, § 2) the city of Buffalo has the power to take lands and public waters for the purpose of widening and putting in navigable condition Buffalo river, a stream flowing through the city, which is not only a public way by law, but, for a large part of the distance through the city, is actually navigable for large vessels, and after the common council has, by resolution, declared its intention to take any lands for that purpose, and the notices prescribed by the charter have been given to the parties

interested, the Supreme Court is authorized to appoint appraisers to fix the damages to be awarded for the lands taken; hence, it is unnecessary for the petitioner, upon an application for the appointment of appraisers in a proceeding to acquire lands for the purpose of improving the navigation of the Buffalo river, to state and show facts establishing the necessity for the acquisition of the land as required in condemnation proceedings under the Code (Code Civ. Pro. § 3360, subd. 3), since the legislature has relegated the question of the propriety and necessity of acquiring property, in such cases, to the determination of the city.

2. SAME — AWARD OF NOMINAL DAMAGES TO OWNER OF BED OF RIVER. Where it appears in. a proceeding to acquire land under the waters of the Buffalo river for the purpose of improving the navigation of such river, that the owner of such land had previously conveyed substantially all of the land abutting on the river and the land in question, upon either side thereof, so that at the time of the proceeding he owned only the bed of the river, and the evidence taken by the commissioners upon the question of the value of this bed and of the damages which should be awarded for taking it, presents a very substantial question of fact, the testimony ranging all of the way from a valuation at nominal figures to one of very substantial amount, it cannot be held, as a matter of law, upon an appeal from an order of the Appellate Division reversing an order of the Special Term which confirmed the award, that there is no evidence to sustain the conclusion of the commissioners that the owner of the river bed was entitled to nominal damages only.

*Matter of City of Buffalo*, 116 App. Div. 555, reversed.

(Argued May 23, 1907; decided June 14, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 28, 1906, which reversed an order of Special Term confirming the report of commissioners appointed to fix the compensation to be made for property taken in the above-entitled proceeding and directed the appointment of new commissioners.

The facts, so far as material, and the questions certified are stated in the opinion.

*Louis E. Desbecker, Corporation Counsel (Samuel F. Moran* of counsel), for appellant. If the bed of Buffalo river be the subject of private ownership the Ogden Land Company owns only the naked, legal title to the fee of the land, subject to perpetual public easements and servitudes which deprive the

owner of any use or enjoyment of the land, and it is entitled. to nominal damages only for the extinguishment of its theoretical right, and not to substantial damages, as for the taking of valuable, practical properties. (*People* v. *Kerr*, 27 N. Y. 188; *Smith* v. *City of Rochester*, 92 N. Y. 463; *W. C. S. R. R. Co.* v. *People*, 201 U. S. 506; *People* v. *Vanderbilt*, 26 N. Y. 287; *C., B. & Q. Ry. Co.* v. *People*, 200 U. S. 561; *Scranton* v. *Wheeler*, 179 U. S. 141; *Gibson* v. *U. S.*, 166 U. S. 269; *People* v. *A. Ry. Co.*, 160 N. Y. 247; *Town of Brookhaven* v. *Smith*, 188 N. Y. 74.)

*Edmund P. Cottle* and *O. O. Cottle* for respondent. The question " is Charles E. Appleby, as surviving trustee of the Ogden Land Company, under the facts in this proceeding, entitled to an award of more than six cents damages on the city of Buffalo acquiring the fee to the lands under the waters of Buffalo river in eminent domain proceedings, taken pursuant to its charter, for the purposes of a public highway ? " should be answered in the affirmative. ( *William* v. *Kenney*, 14 Barb. 629; *Fisher* v. *City of R.*, 6 Lans. 225; *Jackson* v. *Hathaway*, 15 Johns. 447; *Platt* v. *Village of O.*, 88 App. Div. 195; *Higgins* v. *Reynolds*, 31 N. Y. 151; *Deverell* v. *Bauer*, 41 App. Div. 55; *Trustees, etc.*, v. *A. & R. R. R. Co.*, 3 Hill, 567; *Ladd* v. *French*, 6 N. Y. Supp. 56; *N. T. R. Co.* v. *Smith*, 15 Barb. 355; *Sweet* v. *Perkins*, 115 App. Div. 784.) The question " Were the appraisal commissioners authorized and empowered, under the facts in this proceeding, to fix the actual damages of Charles E. Appleby, as surviving trustee of the Ogden Land Company, on the city of Buffalo acquiring the fee to the lands under the waters of the Buffalo river, at six cents, and to award said sum as and for the just compensation to be made to said Charles E. Appleby, as surviving trustee of the Ogden Land Company ? " should be answered in the negative. (*Coudert* v. *Underhill*, 107 App. Div. 335; *Wetmore* v. *B. G. L. Co.*, 42 N. Y. 384; *Ryan* v. *Brown*, 18 Mich. 209; *Boom Co.* v. *Patterson*, 98 U. S. 403; *Langdon* v. *Mayor*,

*etc.,* 93 N. Y. 129; *People* v. *Schermerhorn,* 19 Barb. 540; *Matter of B. El. R. R. Co.,* 80 Hun, 355; *Matter of M. El. R. R. Co.,* 76 Hun, 375.) The question, "Did any of the exceptions call for a reversal of the order confirming the commissioners' report?" should be answered in the affirmative. (*Matter of Water Comrs.,* 96 N. Y. 351; *W. E. H. & P. Co.* v. *Reed,* 47 Misc. Rep. 407; *Matter of M. E. R. Co.,* 76 Hun, 375; *B. T. Co.* v. *Parker,* 187 N. Y. 299; *R. M. Co.* v. *Kent,* 80 Hun, 559; *Donohue* v. *Whitney,* 133 N. Y. 185; *Matter of B. E. R. R. Co.,* 80 Hun, 355; 145 N. Y. 595; *Mitchell* v. *Vil. of White Plains,* 62 Hun, 231.) .

HISCOCK, J. The Buffalo river flows through a portion of the city of Buffalo into Lake Erie. Not only has it been made a public way by law, but actually for a large part of the distance through the city it is navigable by large boats entering from the lake and is a stream of much commercial importance. Prior to the commmencement of these proceedings laws were passed providing that the city of Buffalo "might (may) widen, straighten, enlarge, clear from obstruction, dredge, deepen, embank and dyke the Buffalo river (and other waters) and might (may) put and maintain in navigable condition all of said waters in the city, except Cazenovia Creek." (L. 1891, ch. 105, § 405, as amd. by L. 1900, ch. 571, § 1.) These proceedings were instituted for the purpose of acquiring title to the bed of said river between certain limits in connection with or preparatory to the performance of the improvements thus authorized. They were not instituted under the general provisions of the Code applicable to condemnation proceedings, but under certain provisions (sec. 417, etc.) of the charter of the city of Buffalo, being chapter 105 of the Laws of 1891. Those provisions in effect provide that the city shall have power to take lands for "streets  *  *  *  canals, basins, slips and other public waters, and for any other corporate purpose;" that the common council shall by resolution declare its intent to take the lands intended to be taken, and after certain notice shall

declare by a like resolution that it has determined to take such lands; that after certain preliminary proceedings the court shall upon proper and specified notice appoint appraisers to fix the damages to be awarded for the lands taken.  (L. 1891, ch. 105, § 417, as amd. by L. 1900, ch. 571, § 2.)

In accordance with these provisions appraisers were appointed to fix the damages to be awarded for the lands involved in these proceedings.  They determined that the respondent was only entitled to nominal damages, and this view was confirmed by the Special Term, but has been overruled by the learned Appellate Division which, in reversing the order, has certified to us for answer the following questions :

1. Is Charles E. Appleby, as surviving trustee of the Ogden Land Company, under the facts in this proceeding, entitled to an award of more than six cents damages on the city of Buffalo acquiring the fee to the lands under the waters of the Buffalo river in eminent domain proceedings, taken pursuant to its revised city charter, for the purposes of a public highway ?

2. Were the appraisal commissioners authorized and empowered, under the facts in this proceeding, to fix the actual damages of Charles E. Appleby, as surviving trustee of the Ogden Land Company, on the city of Buffalo acquiring the fee to the lands under the waters of the Buffalo river, at six cents, and to award said sum as and for the just compensation to be made to said Charles E. Appleby, as surviving trustee of the Ogden Land Company ?

3. Does the city of Buffalo in this proceeding show a necessity for acquiring the fee of said lands ?

4. Did any of the exceptions call for a reversal of the order confirming the appraisal commissioners' report ?

At first sight questions one and two seem to involve questions of fact whether upon the evidence the respondent should have been awarded more than nominal damages.  But in view of the circumstances that the reversal by the Appellate Division must be deemed to have been made as matter of law (Code Civil Procedure, secs. 1338, 1361 ; *Matter of*

*Chapman*, 162 N. Y. 456; *People ex rel. Manhattan Ry. Co.* v. *Barker*, 165 N. Y. 305), and of the further fact that these questions are certified to us as ones of law, we have concluded that we may interpret them as propounding the inquiry in substance whether as matter of law the evidence presented to the commissioners entitled the respondent to an award of more than nominal damages, and upon the other hand prohibited the commissioners from awarding to him such nominal damages as just compensation.

We have no great difficulty in answering these questions to the effect that the commissioners were authorized upon the evidence presented to them if they saw fit so to do to award only nominal damages for the land sought to be acquired by the city. In reaching this conclusion we have assumed as did the city in the institution of the proceedings that the respondent was vested with the fee of the river bed. Upon the other hand there does not appear to be any dispute that either by him or by the company whose rights he represents substantially all of the land abutting upon the river upon either side formerly owned by the company has been conveyed away. This is a matter of importance as bearing upon the value of the bed of the stream, because if the bed and fee to the abutting lands were owned by the same party it very well might be that the possible connected use of the two would be an element of much importance in passing upon the value of the bed.

Many witnesses were sworn before the commissioners in regard to the value of this bed and the amount of the damages which should be awarded for taking it. Their evidence presented a well-defined question of fact, the testimony ranging all of the way from a valuation at nominal figures to one of very substantial amount. In addition to hearing the testimony of these witnesses the commissioners were under obligations to and we must assume did view the premises to be taken. Various theories were doubtless presented to them as they have been to us leading to the view that the land was of substantial value. Those theories are more or less speculative. We think that the commissioners were so justified by the

evidence in making the award which they did make that we cannot say as a matter of law that there was no evidence to sustain their conclusions.

We are unable to see any pertinency to the third question certified to us. If these proceedings had been instituted under the provisions of the Code it would have been necessary for the petitioner to state and show facts establishing the necessity for the acquisition of the land. (Code of Civ. Pro., sec. 3360, subd. 3.) As already pointed out, however, they were instituted under the charter of the petitioner and there has not been pointed out to us and we have been unable to find any provision which required proof herein of the necessity for acquiring the lands. The legislature apparently has relegated the question of the propriety and necessity of acquiring premises under such circumstances as here appear to the determination of the city.

The fourth question must be answered in the negative. There are no exceptions presented for our consideration which bring up any such substantial errors as require a reversal of the order made at Special Term. Some questions appear to have been raised in the Appellate Division with reference to the sufficiency of the description of the premises to be acquired and with reference to other details of procedure which were not raised in timely manner and which, therefore, cannot now be considered.

These views would lead us to a reversal of the order made by the Appellate Division and to an affirmance of that made by the Special Term, with costs in both courts.

There is still another view which would lead us to a similar result. If we should conclude that questions one and two do state questions of fact which cannot be considered by us, then treating the third question as immaterial we should have left for our consideration simply the fourth question, and there being no exceptions which call for a reversal of the order confirming the commissioners' report we should in this manner likewise come to the conclusion that the order appealed from should be reversed,

The specific answers to be made respectively to the questions certified to us are as follows :

The first question should be answered in the negative.

The second question should be answered in the affirmative.

The third question is immaterial and not answered.

The fourth question should be answered in the negative.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; CHASE, J., concurs in result.

Ordered accordingly.