## SUPREME COURT.

In the Matter of the Application of the NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY to acquire title to certain real estate of WILLIAM H. WATSON.

*Railroads — Proceedings to acquire title to real estate — Practice in such proceedings.*

In proceedings to acquire title to real estate under chapter 140 of Laws of 1850, where the petition stated that the company "is a corporation organized under and in pursuance of the laws of the states of New York and New Jersey for the purpose of constructing," &c., and then goes on to state how and under what laws it is organized:

*Held*, that this is a sufficient compliance with the statute which requires the petition to state, in effect, that the company is duly incorporated.

The act (*Laws of* 1869, *chap.* 917) authorizing consolidation gave the successor all the rights of every description belonging to the predecessor, and consequently an allegation in the petition that one of the predecessors (naming it) of this company made and filed the proper map, &c., is a sufficient compliance with the statute.

It is not necessary to give in the petition a history of the negotiations, or

to state the evidence from which is derived the fact of inability to to agree by reason of an excessive price being asked. When the reason stated is in substance that the price asked by the owners is excessive, it is sufficient.

An objection that a second application should not be granted without special cause shown therefor, is not a preliminary objection. This is a matter to be raised and disposed of at the trial.

The statute does not require separate petitions for lands needed for the route, and for lands needed for operating the road, nor to postpone the application for the latter until the former is obtained.

Whether or not, under the amendment of 1876, the company must tender the amount of the former award before renewing the proceeding, is a question to be determined at the trial.

*Oneida Special Term, October,* 1882.

*E. W. Kernan* and *C. J. Everett,* for petitioner.

*E. J. Richardson* and *George W. Adams,* for claimant.

MERWIN, *J.* — The statute upon which this proceeding is based requires that the petition of the company shall state certain things, and that upon its presentment to the court any party in interest may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it, and that the court shall hear the proofs and allegations of the parties, and if no sufficient cause is shown shall appoint commissioners to ascertain and appraise the compensation to be made. If the petition does not state the facts required by the statute to be stated, an objection in that regard can be raised preliminarily in effect, by way of demurrer, and should be disposed of before proceeding to the merits. If such objection is well taken, the proceeding is dismissed, unless a proper case for amendment is shown. If such objection is overruled, then any defense to the proceeding, by way of denial of facts in the petition, or new matter outside, may be set up by affidavit or answer, and the issues so formed are to be tried.

In the present case, whatever objections are made to the petition upon its face are to be now determined. But what-

ever objections are raised by denial of facts in the petition or by new matter set up, must be disposed of at the trial hereafter.

1. It is objected that the petition does not state " that the company is duly incorporated." It in fact states that the company " is a corporation duly organized under and in pursuance of the laws of the states of New York and New Jersey, for the purpose of constructing," &c., and then goes on to state how and under what laws it is organized. The statute is, that the petition must state in effect that the company is duly incorporated. I think it does so state.

2. It is objected that the petition does not state that this *company* has surveyed the line and made and filed the proper map, &c. The allegation in the petition is, that one of the predecessors (naming it) of this company made and filed such map.

The act authorizing consolidation gave the successor all the rights of every description belonging to the predecessor (*See chap.* 917 *of* 1869). This obviates the present objection.

3. It is objected that the petition does not state sufficiently the reason of the inability of the company to acquire the title. The reason stated is in substance that the price asked by the owners is excessive. That is recognized as a good reason in *Matter of P. P. and C. I. R. R. Co.* (67 *N. Y.*, 371) and in *Matter of March* (71 *N. Y.*, 315). It is not necessary to give in the petition a history of the negotiations or to state the evidence from which is derived the fact of inability to agree by reason of an excessive price being asked.

4. It is objected that a second application should not be granted without special cause shown therefor. This is not a preliminary objection; it does not arise on the face of the petition; the facts on which it is based are not before me. It is a matter to be raised and disposed of at the trial.

5. It is objected that the company must first acquire the lands for its route and included in its survey before acquiring any for any other purpose, and that one petition should not include lands for both purposes, for the reason as alleged,

Matter of New York, West Shore and Buffalo Railway Co.

that a different title is acquired for land for the route and for land for building, and that at least the present petition is defective in not stating what part is desired for the route and what part for buildings. The statute does not seem to recognize the distinction made in this objection. It provides (*sec.* 13, *chap.* 140 *of* 1850) that the company may acquire title to any real estate required for the purposes of its incorporation, and the petition must state (*sec.* 14) that it is required for the purpose of constructing or operating the proposed road. The statute does not require separate petitions for lands needed for the route, and for lands needed for operating the road, nor to postpone the application for the latter until the former is obtained. In the nature of the case the latter class of property may be needed as soon as the other. The statute does not require separate descriptions ; it simply says that the petition must contain a description of the real estate which the company seeks to acquire.

Whether it would not be more appropriate to have separate descriptions is not the question now before me. All that I need say now about it is that the statute does not require it. Nor is the question before me as to the character of the title obtained for the different purposes.

6. Whether or not, under the amendment of 1876, the company must tender the amount of the former award before renewing the proceeding, is a question to be determined at the trial.

The preliminary objections are overruled.