CHARLES E. WILLARD & others *vs.* CITY OF BOSTON.

Suffolk.    March 12, 13, 1889. — May 9, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Eminent Domain — Assessment of Damages — Distinct or Separate Interests —*
*Petition for a Jury — Motion to Dismiss — Answer in Abatement.*

A petition, filed in the Superior Court for the assessment of damages for the taking
of land for a highway, alleged that the petitioners owned the land in common;
that the whole of it was leased for years; that an undivided part of it was sub-
ject to a mortgage, only the date and record of which were given; and that the
petition was brought under the Pub Sts. c. 49, §§ 18, 19.    Before a jury was
impanelled the lessee filed a motion to dismiss the petition, because, as he al-
leged, a like petition had been brought by him under the Pub. Sts. c. 49, §§ 20–24;
and the petition was dismissed.    *Held,* on appeal, that the petition was erro-
neously dismissed.

PETITION, filed April 6, 1888, by Charles E. Willard, Caro-
line I. Abbott, and Carrie F. Abbott, to the Superior Court,
for a jury to assess the damages for the taking of land for a
highway in Boston.

The petition alleged that Willard, who was an insane person
and appeared by his duly appointed guardian, and the Abbotts,
at the date of the taking were together the owners in fee of
the land in question, which was described by metes and bounds,
together with a wharf and buildings thereon, Willard owning
one undivided half of it and the Abbotts together owning the
other undivided half; that Charles E. Dearborn had at the date
of the taking a written lease of all the premises, dated May 28,
1887, which was to run for five years and six months from July 1,
1887; that the city of Boston, upon proceedings duly had for the
purpose of widening Commonwealth Avenue in that city, pro-
ceeded to take, and did take, the land in question, and had laid it
out as a public highway.    The petition concluded as follows :

" That said city of Boston was bound to render satisfaction
and award full compensation to the parties owning said prop-
erty for said property so taken, and for all other damages, but
it has failed so to do, and is unwilling to award, and has failed
to award, adequate damages therefor.

" That the petitioners and said Dearborn, having a claim for such damages sustained in their property by said taking, have different and separate interests in the property, so that a term for years in the whole of the same belongs to said Charles E. Dearborn, and the whole of the reversion belongs to your petitioners (taken together); and that by the provisions of Pub. Sts. c. 49, §§ 18, 19, applicable to this case, entire damages for said taking should be assessed, without any apportionment thereof, and the amount of such damages should be paid over to a trustee, to be appointed as provided in said sections, to be held by him upon the trust mentioned in said sections.

" That your petitioners, being aggrieved by said action of said city of Boston in the estimation of their damages, hereby apply to this court for a jury to assess said damages according to law, and pray that a notice may be served upon said city, and that notice may also be served upon said Charles E. Dearborn, and also upon Sophia K. Fairbank, of said Boston, executrix of the will of Joseph B. V. Fairbank, late of said Boston, deceased, said deceased being the mortgagee named in a mortgage given by said Willard of his undivided half of the premises, dated July 2, 1883, recorded with Suffolk deeds, lib. 1605, fol. 277, that they may, if they see cause, appear and become parties to the proceedings under this petition; and the petitioners pray that such proceedings may be had and such relief granted as law and justice may require in the premises."

The following motion was filed to dismiss the petition:

" And now Charles E. Dearborn, upon whom service of said petition has been made, as a party interested therein, comes into court, and moves that said petition be dismissed for the following reasons:

" 1. Because said petition, as appears upon the face thereof, is brought under §§ 18, 19, of chapter 49 of the Public Statutes, whereas, upon the statement of fact therein set forth, the same should have been brought under §§ 20, 21, 22, 23, and 24 of said chapter 49.

" 2. Because a petition for damages for the taking of the same land described in said petition, entitled ' Charles E. Dearborn *v.* City of Boston,' in which all the parties named in said petition of Charles E. Willard *et al.* were duly made parties and served

with process, was filed in said court prior to the filing of said petition of Charles E. Willard *et al.*, and is now pending in said court; and said petition was duly filed under said §§ 20, 21, 22, 23, and 24, which are the sections properly applicable to the statements of fact set forth in both said petitions."

In the Superior Court the petition was dismissed; and the petitioners appealed to this court.

*T. P. Proctor*, (*E. Tappan* with him,) for the Abbotts.

*C. C. Read*, for the guardian of Willard.

*W. Gaston & W. B. Durant*, for Dearborn.

MORTON, C. J.   This is a petition under chapter 49 of the Public Statutes, for the assessment of damages for land taken for a highway.   The only question argued is whether the proceedings upon it should be conducted under § 18 of that chapter, or under § 20 and the following sections.   This question is not properly before us on a motion to dismiss the petition.   The allegation in the petition that § 18 of the statute is applicable to the case is not an allegation of a substantive fact which would prevent the court from entertaining the petition, although it might hold that the subsequent proceedings should be conducted under § 20.   If, as was stated at the argument, a prior petition has been filed by one of the parties in interest, the defendant should avail itself of this fact by an answer in the nature of a plea in abatement.   It does not therefore appear upon the record before us, and we cannot regard it as a fact.   The petition is sufficient, and, upon the record transmitted to us, the order dismissing it was erroneous.   If this was merely a technical objection, and we were duly informed of all the facts in the case, we should be inclined to overlook it.   But the question whether the proceedings shall be according to § 18 or according to § 20 must depend upon the state of facts shown to exist when the jury is impanelled.   Perhaps we might assume that the petition correctly states the title to the land taken.   But as to the mortgage, the effect of which presents the most difficult question in the case, there is not a sufficient statement.   It is merely stated that there is a mortgage of an undivided half, dated July 2, 1883.   It does not appear whether it is a mortgage to secure a sum of money lent, or to secure some future contingent liability ; whether there has been a breach of

the condition; whether the mortgagee is or is not in possession; nor whether the mortgagee intends to appear as a party, or, as was intimated at the argument, intends to waive his rights. It will be settled at the hearing in the Superior Court what the facts are. Until they are settled, we cannot know what questions of law will be raised. We are not called upon to decide speculative questions, or to determine what are the rights of parties under all possible facts, but only to determine their rights under the facts which actually exist in a case.

The motion to dismiss must be overruled, and the case must stand for further proceedings in the Superior Court.

*Motion to dismiss overruled.*