In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title, etc., to East One Hundred and Sixty-first Street, etc.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant; MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*New York city — condemnation proceedings — questions as to the right to maintain them must be decided before the damages are assessed — the proper procedure considered.*

A proceeding taken by the city of New York, under the Consolidation Act, to acquire lands under the right of eminent domain, is, within the definition contained in section 3334 of the Code of Civil Procedure, a special proceeding, and should be heard as such proceedings are ordinarily heard, although no particular method of procedure is prescribed by that act.

The proper practice in such proceedings, considered.

In such a proceeding, an objecting landowner who, by a verified answer, puts in issue certain facts alleged in the application, and denies that any power has been given to take the land in question for the reason that it is already occupied for a public purpose, is entitled to have the questions thus presented decided before commissioners of estimate and assessment are appointed to determine and assess the damages.

APPEAL by The New York Central and Hudson River Railroad Company from an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 15th day of June, 1897, granting the petitioner's motion for the appointment of commissioners of estimate and assessment.

*Ira A. Place*, for the appellant.

*George L. Sterling*, for the respondent.

RUMSEY, J.:

The proceedings were begun pursuant to the provisions of sections 958 and 965 of the Consolidation Act, as amended by the Laws of 1893, to acquire title to the land necessary to lay out East One Hundred and Sixty-first street, from Elton avenue to Mott avenue. The land is situated in the twenty-third ward of the city of New York. Notice of the application to the court for the appointment of commissioners was published and posted in the manner prescribed by section 965, and, upon the hearing of the application, the New York Central and Hudson River Railroad Company, which was the owner of certain of the land intended to be taken, appeared in court and presented a sworn answer, attempting to put in issue certain facts alleged in the application, and especially denying the power of the city to take the land of that company which it was proposed to condemn, for the reason that the land was already occupied for a public purpose under the right of eminent domain, it being used by the appellant for the purposes of a railroad. The court did not hear any proof upon the subject, but proceeded to appoint commissioners of estimate and assessment, without determining the truth of the facts denied in the answer of the appellant. From the order thus made this appeal is taken, and the first ground upon which a reversal is asked is that the court erred in not taking proof upon the questions put at issue by the answer of the appellent, and that it should have decided the questions raised by that answer before proceeding to appoint commissioners of estimate and assessment. The proceeding is one to take lands under the right of eminent domain. It is undoubtedly within the power of the Legislature to take any lands in this State for a public purpose in the exercise of this right, and if the purpose for which the land is sought to be taken is a public one, the exercise of the

discretion of the Legislature in that regard cannot be reviewed by the courts. (Lewis on Em. Dom. § 262 *et seq*.) To a considerable extent the manner of procedure also is entirely within the discretion of the Legislature. The only essentials are that notice must be given in some manner to the person whose property is proposed to be taken, and that nothing shall be taken without due process of law. Due process of law involves not only a notice to the owner of the proceedings to be taken against him, but a hearing or an opportunity to be heard so that he may present to the court any reasons why his property should not be subjected to the right under which it is sought to be taken. (*Stuart* v. *Palmer*, 74 N. Y. 183.) The manner in which that hearing shall be had is largely within the power of the Legislature, the only limit to it being that a special tribunal cannot be created to adjudicate upon a particular case, but it must be heard either by the ordinary courts of justice or by a tribunal generally created to hear cases of that nature. Further than this the discretion of the Legislature cannot go.

The proceedings here taken prescribe a notice to be given to the landowner. While that notice is not a personal one, it is such as has been held to be sufficient in these proceedings. (Lewis on Em. Dom. § 367.) But beyond requiring the giving of notice to the landowner, the statute does not prescribe any proceedings except that the court shall appoint commissioners at the time and place specified in the notice.

But the statute prescribes certain essentials of the application and requires certain things to be stated in it; and when it requires notice to be given to the landowner and an opportunity to be afforded to him to come into court upon the application, it necessarily involves the right on his part to insist before the court that the requirements of the statute shall be obeyed, and that it shall be made to appear before the court that his land is subject to be taken and intended to be taken upon the proceeding, before he shall be put to the expense and inconvenience of a hearing before commissioners. No other reason can be given why he should have notice of the application to appoint the commissioners, unless it be to enable him to insist before the court that the requirements of the statute shall be complied with. It is quite true that section 965, which, in a meagre way, prescribes the procedure in these cases, does

not say anything as to the rights of the landowner who comes into court pursuant to the notice. But that omission does not prejudice his rights. Where no mode is prescribed for an adjudication upon those rights the usual procedure in such cases will be followed. (Lewis on Em. Dom. § 388.) The fact that no particular mode of procedure is provided for does not make it any less the duty of the court to see that the statutory conditions upon which the right shall be exercised shall have been complied with, and that the land of the objecting landowner is subject to the right in the particular case.

This application is a special proceeding within the definition in section 3334 of the Code of Civil Procedure, and it is to be heard in the same manner as other proceedings of that kind, the procedure in which is not prescribed by statute. Practically, the application is made to the court in the same way as the application upon any other motion, and the manner of hearing may very properly be regulated in analogy to the hearing upon a motion. It is not necessary, in cases of this kind, to file a plea or an answer to the application, but the objecting landowner may come into court and read opposing affidavits setting up the facts as he claims them to be, and upon which he may ask the judgment of the court. While the statute does not provide for a plea or answer, there is no objection to the interposition of one by which the questions to be presented to the court shall be clearly defined. Under the General Railroad Act of 1850 (Chap. 140) no provision was made for an answer on the part of the landowner, the statute only prescribing that he might disprove any of the facts alleged in the petition ; but the procedure as finally adopted under that act was practically that an answer was interposed by the landowner if he desired to disprove any of the facts stated in the petition, and a hearing was had upon the issue thus formed. We can see no objection to that manner of proceeding in such a case as this. The interposition of a sworn answer would be effectual to ascertain the questions to be raised, and enable the court more easily to determine as to what mode of trial was best adapted to dispose of the questions of fact, if any were presented. Neither the law nor the Constitution requires that there should be a trial by jury of any of the questions thus raised upon the application ; and the court, in analogy to the proceeding upon a motion, would be at liberty to determine the questions either summarily upon the papers presented

at the time the application was made, or by sending the case to a referee to take proof of the facts, or by hearing it further upon affidavits, in its discretion; but whatever mode of hearing the court should see fit to adopt, if any question as to the right of the city to take the property is raised upon the application for the appointment of commissioners, we think the land-owner raising that question has the right to be heard and to have his liability determined before commissioners shall be appointed. Where a preliminary question is raised which goes to the right of the petitioner to maintain the proceedings, the orderly course of procedure requires that such questions should be determined before the assessment of damages is entered upon. (Lewis on Em. Dom. § 388, and cases cited.)

It is said by the petitioner here that these questions should properly be left to be determined upon the coming in of the commissioners' report upon the testimony to be taken before them. But the law does not authorize them to take any testimony except such as bears upon the question of damage and the amount of assessment to be made for benefits. Their duty, as prescribed by section 969, is confined to determining the compensation to be made by the city to the owners of the real estate sought to be taken, and by section 970 to making an equitable assessment of the loss and damage and of the benefits to the adjacent owners. Beyond the testimony necessary to enable them to decide those questions, they have no power to go, and the facts which they report to the court and upon which the order of confirmation is to be made, if it is made at all, would not be likely to be sufficient to enable the court upon that motion to pass upon the right of the petitioner to take the land of the objecting landowner. Nor would it be proper, if any serious question were raised as to the preliminary right to require the city on the one hand, or the landowner on the other, to incur the delay and expense necessary in taking the testimony before the commissioners of estimate and assessment, before adjudicating upon the right to take the land at all. It is much better, where any such question is raised, that it should be determined by the court, as any other question of fact or law is determined, upon the hearing of a motion, before further proceedings should be taken in the matter. Such is the requirement of the General Condemnation Law, which was the result of the expe-

rience of many years in proceedings before the courts for the exercise of the right of eminent domain, and although this statute does not apply to these proceedings, yet it seems to us that the proceedings for taking land under the Consolidation Act should be made like the proceedings under the General Act, so far as the statute will admit, and as the necessities of orderly procedure shall require. The court upon this motion should have given to the objecting landowner a hearing upon the questions raised by the answer and have determined those questions before the appointment of commissioners of estimate and assessment. It was error to do otherwise, and for that error the order appointing commissioners is reversed, with ten dollars costs and disbursements, and the case sent back to the Special Term for a hearing upon the questions raised by the answer of the appellant.

Van Brunt, P. J., Barrett and Williams, JJ., concurred.

Order reversed with ten dollars costs and disbursements, and case remitted to Special Term for a hearing upon the questions raised by the answer of the appellant.