## In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. EMINENT DOMAIN — MUNICIPAL CORPORATIONS — STREETS — ACQUISITION OF LAND — PROCEEDINGS — ISSUES—APPOINTMENT OF COMMISSIONERS—SUCCESSIVE ASSESSMENTS.

In a proceeding under New York Charter, § 958, authorizing acquisition of land required for streets, and appointment of commissioners to estimate and assess damages for the taking thereof, where an owner of land affected put in issue the necessity of taking his land and other material averments, and denied authority so to do, it was not error, on consent of the other landowners affected, to appoint commissioners to determine and assess their damages before trial of such issues, since such section contemplates such an appointment for successive parcels of land.

2. SAME—APPEAL—AGGRIEVED PERSON.

Under Code Civ. Proc. § 1294, authorizing appeals by persons aggrieved, no appeal lies from an appointment of commissioners to estimate and assess damages on landowners, by another landowner, who put in issue the necessity and authority to take his land, and who was excepted, and such issues reserved for trial by the order of appointment, since such landowner had no interest in the proceeding, and could not be legally affected thereby, and hence was not an aggrieved person.

Appeal from special term, New York county.

Application of the mayor, etc., of the city of New York, to acquire title to land designated as a street. From an order appointing commissioners of estimate and assessment, the New York Central & Hudson River Railroad Company appeals. Appeal dismissed.

Argued before VAN BRUNT, P. J., and RUMSEY, INGRAHAM, and HATCH, JJ.

Ira A. Place, for appellant.

George L. Sterling, for respondent.

HATCH, J. The railroad company only appeals from that part of the order which appoints commissioners of estimate and assessment.upon the property of consenting landowners. This proceeding was instituted in 1893 for the purpose of acquiring title to lands necessary to lay out East 161st street from Elton avenue to Mott avenue. One of the parcels of land affected by the proceedings was owned by the appellant railroad company. It filed its answer, putting in issue the necessity of taking the parcel of land owned by it for the contemplated improvement, and putting in issue other material aver-

ments, and sought by an affirmative defense to deny power in the municipality to acquire title to its lands by proceedings in invitum. After this answer was served, and before a determination had been had ·upon the issues tendered by it, the city made an application for the appointment of commissioners of estimate and assessment. This order having been granted, an appeal was taken to this court by the railroad company, where the order was reversed; the court holding that the questions raised by the answer should be decided before the appointment of commissioners of estimate and assessment to determine and assess the damages. Subsequently all of the landowners affected by the proceeding consented to the appointment of commissioners except the appellant railroad, and upon application to the court by the corporation counsel on February 26, 1900, the court appointed, against the objection of the railroad company, commissioners to determine and assess damages upon the property owners consenting thereto, and in such order it was provided that a trial should be had of the issues raised by the railroad company before the court upon a day named therein in the order.

As to the railroad company's lands, therefore, no commissioners were appointed. It is insisted that this order is in violation of the decision of this court upon the former appeal. In re Mayor, etc., of City of New York, 22 App. Div. 124, 47 N. Y. Supp. 965. I do not so understand that decision. All that was decided therein affecting such question was that the objecting owner has the right to have the issue which was tendered determined before the appointment of the commissioners of estimate and assessment. The question was not presented to the court, nor was it considered that the commissioners, as to consenting property owners affected by the proceeding, could not be appointed, and no valid reason is suggested in the present case why such a course could not and should not be pursued. It is possible that a case may arise in which the contemplated improvement is of such a character that it could not be carried out unless the city obtained the property of the objecting landowner, or wherein such landowner's property was absolutely essential to the execution of the contemplated improvement. This, however, relates to matters of practical administration, rather than to legal rights.

By section 985 of the charter, it is contemplated that commissioners may be appointed for successive parcels or sections of land, and may make separate reports in respect thereto; the only exception being that the final and last separate report shall contain the assessment for benefit. We can see no valid reason, therefore, why, as applied to the facts in this proceeding, it was not only proper, but probably advisable, that the commissioners should be appointed as to the uncontesting landowners.

It is also apparent that the appellant has no standing in court upon this appeal, as he is in no respect aggrieved by the order which has been made. It is only a person who is aggrieved by an order that is given a right to appeal. Code Civ. Proc. § 1294; Hyatt v. Dusenbury (N. Y. App.) 1 Silvernail, 473, and note (s. c. 12 N. E. 711); Cuyler v. Moreland, 6 Paige, 273.

Every right of which the appellant is possessed is protected by the

order which has been made. All the issues raised by its answer have been expressly reserved for trial, and the commissioners appointed are not required or authorized to do any act in connection with the property which it owns. In no view can the appellant be prejudiced by any act of the commissioners. If the entire scheme fails, the appellant will not suffer, as its land is not affected, and cannot be, by any act of the commissioners.

It is suggested that it is liable to an assessment for the improvement, but this is speculative, and may or may not occur. Assuming that it be assessed for the improvement, none of its rights to object or contest such assessment will be invaded, nor does this order pretend to cut off or in any wise affect its right so to do. As it has no interest in the proceeding, it cannot be legally affected, and therefore is without ground to make legal complaint.

It follows from these views that the appeal should be dismissed, with $10 costs and disbursements. All concur.