(57 App. Div. 530.)

HOOKER v. CITY OF ROCHESTER et al.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1901.)

EMINENT DOMAIN — INTERESTED PARTY — INTERPOSITION IN PROCEEDINGS — LACHES—INJUNCTION.

    A city charter authorizing the institution of eminent domain proceedings in the county court declares that the court shall hear all interested parties. By Code Civ. Proc. § 1357, an appeal lies to the appellate division from any order affecting a substantial right made by a court of record in a special proceeding. Held, that when the owner of land on a creek was a party to the appraisal in eminent domain proceedings by the city to acquire an easement in the creek, and made no objection to the jurisdiction of the court, to the right of the city to the easement, or to proceed under the charter as to the laws or ordinances on which the proceedings were based, equity would not entertain a suit for injunction based on such objections, since under the charter and Code Civ. Proc. § 1357, plaintiff had ample remedy by interposition in the proceedings.

Appeal from Monroe county court.

Suit by James Hooker against the city of Rochester and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Eugene Van Voorhis, for appellant.

Porter M. French, for respondents.

LAUGHLIN, J. This action is brought to enjoin the city of Rochester from prosecuting an eminent domain proceeding heretofore instituted by it in the county court of Monroe county for the purpose of acquiring an easement in the bed of Hobby creek, in the town of Irondequoit, for conducting the overflow waters of the East Side sewer, so called, from the city line to Irondequoit Bay. The plaintiff owns part of the bed of said creek and the land upon either bank. He was made a party to the appraisal proceeding, and interposed no objection to the jurisdiction of the court, or to the right of the city to acquire the easement, or to proceed under the charter, instead of under the condemnation law, or to the validity of the laws or ordinances upon which such proceeding was based. The foregoing are the sole grounds of objection to the condemnation proceeding, and the only ground upon which the plaintiff contends that this suit can be maintained is that the county court was without jurisdiction to hear and determine such objections, and that he has no adequate remedy at law. Section 176 of the city charter authorizes the institution of eminent domain proceedings in the county court, as well as in the supreme court, and provides that when the application is made for the appointment of commissioners, and before their appointment, the court shall hear "all parties interested if desired." We are of opinion that this provision of the statute authorized the interposition by plaintiff, by affidavit or answer, of any legal objection to the right of the city to maintain such proceeding, or to acquire the easement through his premises, and that, if it did not, the court would necessarily have such inherent power. Lewis, Em. Dom. §§ 388–390; In re Mayor, etc., of City of New York, 22 App. Div. 124, 47 N. Y. Supp. 965; In re City of Buffalo, 64 N. Y. 547; In re New York Cent. R. Co., 66 N. Y. 407; In re New York, W. S. & B. Ry. Co., 64 How. Prac. 216; In re Niagara Falls & W. Ry. Co., 108 N. Y. 375, 15 N. E. 429; Id., 121 N. Y. 319, 24 N. E. 452; In re Thomson, 86 Hun, 405–410, 33 N. Y. Supp. 467; Waterworks Co. v. Parry, 59 Hun, 202, 13 N. Y. Supp. 490; In re Staten Island Rapid Transit R. Co., 20 Wkly. Dig. 15; St. Joseph Terminal R. Co. v. Hannibal & St. J. R. Co., 94 Mo. 535, 6 S. W. 691; Willard v. City of Boston, 149 Mass. 176, 21 N. E. 298. The order made on such hearing would be reviewable by appeal. Code Civ. Proc. § 1357; In re Mayor, etc., of City of New York, 22 App. Div. 124, 47 N. Y. Supp. 965; In re City of Buffalo, 64 N. Y. 547; Railroad Co. v. Davis, 43 N. Y. 137; In re Village of Harrisville (Sup.) 21 N. Y. Supp. 62; In re City of Utica, 73 Hun, 256, 26 N. Y. Supp. 564; In re Broadway & S. A. R. Co., 69 Hun, 275, 23 N. Y. Supp. 609; In re De Camp, 151 N. Y. 557, 45 N. E. 1039. Upon well-settled principles a court of equity will not entertain jurisdiction for the relief here sought. Kelsey v. King, 32 Barb. 411; Kip v. Railroad Co., 6 Hun, 24; People v. Wasson, 64 N. Y. 167; In re Cooper, 93 N. Y. 507; City of Brooklyn v. Copeland, 106 N. Y. 496, 13 N. E. 451.

The judgment appealed from should be affirmed, with costs. All concur.