In the Matter of the Application of the PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT OF THE STATE OF NEW YORK, for the Appointment of Commissioners of Appraisal, Relative to Acquiring Title to Lands on the Easterly Side of Flatbush Avenue Extension Required for Purposes of the Fourth Avenue Rapid Transit Railroad.

PATRICK H. O'BRIEN et al., Appellants; THE CITY OF NEW YORK, Respondent.

Eminent domain — if use of lands sought is public, the legislature, or the instrumentality it employs, is sole judge of the necessity for its condemnation — Rapid Transit Act — when answer to petition of Public Service Commission in proceeding to acquire land, under Rapid Transit Act, sets forth no defense.

1. The necessity for an appropriation of lands for public use by the legislature in the exercise of the right of eminent domain may not be questioned by the courts.   If the use to which the lands are to be put is public, the legislature, or the instrumentality which it employs, is the sole judge of the necessity, unless there is a provision otherwise in the enactment, but such appropriation is subject to the right of compensation, the amount of which must be ascertained by a jury or by commissioners appointed for that purpose.

2. No provision is made by the Rapid Transit Act (L. 1891, ch. 4, as amd.) for a hearing of the property owners affected concerning the necessity for a proposed condemnation.   Hence, an answer in such a proceeding under that act denying that it is necessary to acquire the property sought to be condemned for the purposes set forth in the petition, and containing a defense in substance alleging that the members of the public service commission which made the application were not really of the opinion that the acquisition of said property was necessary for the purposes stated in the petition, is insufficient to raise any permissible issue.

3. The allegation of an answer to the effect that the action and resolution of the commission were not taken or passed in good faith, but that said commission was seeking to acquire the premises for some ulterior purpose different than that disclosed in the resolution and petition, fails to set forth any triable objection to the appointment of commissioners and the condemnation of the land.

*Matter of Public Service Comm.*, 167 App. Div. 908, affirmed.

(Argued November 17, 1915; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 5, 1915, which dismissed an appeal from an order of Special Term appointing commissioners of appraisal herein, affirmed an order denying a motion for the appointment of a referee herein, overruled certain objections made by the appellants and affirmed an order confirming the report of commissioners of appraisal.

The facts, so far as material, are stated in the opinion.

*Robert H. Elder* and *Otho D. Bowling* for appellants. The order of July 16, 1912, permitting the owners to interpose an answer was sufficient to allow a trial of the issue of necessity. (*Long Branch Pier Co.* v. *Crossley*, 40 Misc. Rep. 249; *Gideon* v. *Dwyer*, 17 Misc. Rep. 233; *Flagg* v. *Cooper*, 22 J. & S. 50; *Shumann* v. *Orchard*, 9 Daly, 245; *Hart* v. *Washburn*, 17 N. Y. Supp. 85; *Pomares* v. *Duncan*, 11 N. Y. Supp. 380; *Selover* v. *Forbes*, 22 How. Pr. 477; *Blodget* v. *Conklin*, 9 How. Pr. 442; *Hitchcock* v. *Barlow*, 2 Wend. 628; *Anonymous*, 6 Cow. 390; *Denton* v. *Noyes*, 6 Johns. 296; *Yates* v. *Guthrie*, 119 N. Y. 420.) The court below had the right to review the questions of necessity and good faith in acquiring the fee of the entire lot of land. (*Matter of Albany Street*, 11 Wend. 150; *Bennett* v. *Boyle*, 40 Barb. 551; *Matter of Central Park*, 51 Barb. 277; *Matter of N. Y., L. & W. Ry. Co.*, 33 Hun, 148; 98 N. Y. 664; *Matter of Deansville Cemetery Assn.*, 66 N. Y. 569; *Matter of Eureka Basin Co.*, 96 N. Y. 42; *Matter of N. Y. & Harlem Ry. Co.*, 46 N. Y. 546; *Varick* v. *Smith*, 5 Paige, 137; *Beekman* v. *Saratoga, etc., R. R. Co.*, 3 Paige, 45; *Bloodgood* v. *Mohawk & Hudson R. R. Co.*, 18 Wend. 9; *Harris* v. *Thompson*, 9 Barb. 350; *People* v. *Lawrence*, 36 Barb. 177; *Matter of Townsend*, 39 N. Y. 171; *People* v. *Smith*, 12 N. Y. 595.)

*Lamar Hardy, Corporation Counsel* (*Charles J. Nehrbas, Terence Farley* and *Edward J. Kenny, Jr.*, of

counsel), for respondent. The Appellate Division properly dismissed the appeal from the order appointing the commissioners of appraisal. (*Matter of Peekamoose Fishing Club*, 151 N. Y. 511.) The objection sought to be raised by the appellants' answer does not present a judicial question. (*Sun P. & P. Assn.* v. *Mayor, etc.*, 152 N. Y. 257; *Matter of Willcox*, 213 N. Y. 225; *Matter of City of New York*, 163 App. Div. 10.)

HISCOCK, J. The Public Service Commission of the first district determined to make an application to acquire the fee of certain premises situate in the borough of Brooklyn belonging to the appellants pursuant to chapter 4 of the Laws of 1891, and the several statutes amendatory thereof and supplemental thereto, for the purpose as alleged of maintaining and operating the rapid transit railroad commonly spoken of as the Fourth Avenue Rapid Transit railroad. A petition amongst other things alleging the necessity of said premises for said purpose and praying for the appointment of commissioners of appraisal to ascertain the price and compensation to be made to the owners of said property was presented to the Supreme Court in accordance with due notice of the time and place of said application. The appellants not appearing on said application an order was duly made appointing commissioners of appraisal, and soon thereafter the hearing before them was commenced. Thereafter an order was made opening said default of the appellants, and they were "granted leave within ten days after the entry of said [this] order to file and serve * * * an answer or answering affidavits to the petition herein, so as to permit the trial or determination of the question of the necessity for the condemnation of the fee of the property described in the petition * * * without prejudice to any of the proceedings heretofore taken herein, excepting as they may be affected by the determination of that issue." After-

wards they served what has been called an answer, whereby in substance they alleged their ownership in fee simple of the property sought to be acquired, and denied that it was necessary to acquire said property for the purposes set forth in the petition, and for a further defense alleged that the members of the Public Service Commission were not really of the opinion that the acquisition of said property was necessary for the purposes stated in the petition, but they were falsely and fraudulently representing and pretending that it was necessary in order to acquire said property not for use for the purpose stated in the petition, "but to place the City of New York in a position to sell the property after the railroad had been installed."

For some reason no prompt attempt was made by either party to bring to a disposition the issues by said answer purported and attempted to be raised, and no move was made on the part of the city of New York or the Public Service Commission either by demurrer or motion to get rid of the said answer, but it was allowed to stand, and several months after it was served the report of the commissioners of appraisal was duly made fixing the value of the premises in question. Shortly thereafter a motion was made by the appellants that a referee be appointed to try the issues claimed to have been raised by their answer, but this motion was denied, and the order further provided that the objections raised by the answer should be overruled, and shortly thereafter an order was duly made confirming the report of the commissioners of appraisal. By appeals duly taken the appellants urge that they were entitled to have the issues claimed to have been raised by their purported answer tried and that the courts below have erred in refusing their application to have this done and in effect striking out such answer.

The Rapid Transit Act provides for acquiring lands for the purpose of constructing and maintaining a railroad, and which is deemed to be for a public purpose. It pro-

vides for proceedings to acquire such lands when neces-
sary by petition and application to the court, and
requires that notice of such application shall be given to
property owners. While it does not in terms thus enact,
it is undoubtedly to be implied therefrom that upon the
return of such application a landowner may appear and
urge objections to the right of the commission to take
such lands and to the appointment of commissioners of
appraisal. Of course, there would be no sense in requir-
ing notice of such application to a property owner unless
he was to have the right to appear and be heard in
respect of or in opposition to such application. (*Matter
of Mayor, etc., of N. Y.*, 22 App. Div. 124; *Hooker* v.
*City of Rochester*, 57 App. Div. 530.) When, therefore,
the application in the present proceeding was returnable
these appellants might have appeared and interposed any
proper objection which affected the right of the Commis-
sion to take their land and to the appraisal thereof, but
they made default in so doing. Thereafter, however, the
court for what must have seemed to it to be sufficient
reasons opened this default and allowed them to serve an
answer, and there seems to have been a misapprehension
to appellants' disadvantage of the effect of this order,
which, however, it is unnecessary to discuss in view of the
opinion we entertain that the answer was insufficient to
raise any permissible issue.

No substantial objection has been made to the mere
course of procedure pursued by the court in overruling
the objections contained in appellants' answer, provided
those objections were in law insufficient to present any
issue to be tried by the court, and we, therefore, pass to
their consideration. The first one was to the effect that
there was no necessity for condemning and taking
appellants' land.

The Condemnation Law applying generally to con-
demnation proceedings, as contained in the Code of Civil

Procedure, provides that any party, whether state, corporation or individual (§ 3358) instituting proceedings under that law, must allege "The public use for which the property is required and a concise statement of the facts showing the necessity of its acquisition for such use." (§ 3360, subd. 3.) Property owners may interpose answers controverting any material allegation of the petition (§ 3365), and the court must pass upon the issues so raised. (§ 3367.)

This proceeding, however, was not commenced under that law, but was instituted under section 4 of the Rapid Transit Act, the provisions of which are radically different. That section provides, in substance, and so far as here material, that the Public Service Commission upon its own motion or upon the request of the local authorities may determine the necessity for a rapid transit railroad in the localities covered by the act, or for additions to such railroad already constructed, and after it has determined that such construction is necessary for the public interest, "it shall proceed to determine and establish the route or routes thereof and the general plan of construction." (Laws of 1891, chap. 4, § 4, as amended.) Section 39 of the same act vests in the Commission power to acquire by condemnation all rights, privileges, franchises and easements which in the opinion of the Commission it shall be necessary to acquire.

Section 43, which recites what shall be contained in the petition for the condemnation, provides simply that the determination of the Commission shall be set forth together with a description of the particular property sought to be acquired, and section 45 provides that upon the return day of the petition the court upon proof of the publication of the notice required and upon the filing of the petition shall make an order appointing commissioners of appraisal.

These provisions control this proceeding and it will be seen therefrom that no provision is made for a hearing of

the property owners affected concerning the necessity for the proposed condemnation. The determination of that question at least under such circumstances as existed here is vested exclusively in the Public Service Commission and its action in that regard cannot be interfered with by the court in the absence of some statute conferring power upon the court to review it.

In the case of *People ex rel. Herrick* v. *Smith* (21 N. Y. 595, 598), which involved the laying out of a highway by commissioners, Judge DENIO said: "The necessity for appropriating private property for the use of the public or of the government is not a judicial question. The power resides in the legislature. It may be exercised by means of a statute which shall at once designate the property to be appropriated and the purpose of the appropriation; or it may be delegated to public officers, or, as it has been repeatedly held, to private corporations established to carry on enterprises in which the public are interested. There is no restraint upon the power, except that requiring compensation to be made. And where the power is committed to public officers, it is a subject of legislative discretion to determine what prudential regulations shall be established to secure a discreet and judicious exercise of the authority."

In *Matter of Fowler* (53 N. Y. 60, 62), where the application was for the opening of a street, Judge FOLGER said: "The necessity, for an appropriation of lands by the legislature in the exercise of the right of eminent domain, may not be questioned by the courts. And as the legislature may delegate the exercise of this power to municipalities, to boards of officers and to public agents, the necessity for an appropriation by them may not be inquired into by the courts. If the use to which the lands are to be put is public, the legislature, or the instrumentality which it employs, is the sole judge of the necessity, unless there is a provision otherwise in the enactment. It is said that this supreme power is qualified only by

three particulars: the use must be public; compensation must be made; and the amount thereof must be ascertained by a jury, or by not less than three commissioners, to be appointed by a court of record. * * * So that the court at Special Term, there being no authority thereto given by the statute, could not inquire into nor pass upon the question of whether there was a necessity for the opening of this street, further than it may be incidentally involved in the determination of the question of whether it was to be taken for a public use."

In *Matter of Deansville Cemetery Association* (66 N. Y. 569, 572) Judge RAPALLO, in discussing the cases and deciding that the question whether the use is a public one or not is a judicial question which the courts can in all cases decide, added: "These cases decide that where the uses are in fact public, the necessity or expediency of taking private property for such uses, by the exercise or the delegation of the right of eminent domain, the instrumentalities to be used and the extent to which such right shall be exercised or delegated are questions to be determined by the legislature, and not by the courts."

In *People* v. *Adirondack Ry. Co.* (160 N. Y. 225, 237) Judge VANN, in discussing the constitutional right to exercise the power of eminent domain, said: "It prescribes no method of action, when the state acts for itself, but marks out certain boundaries which may not be crossed, even by the state. Within those boundaries, the state, acting through that department which exerts the legislative power, may proceed at will, and the extent, method and necessity of exercising the power to take private property for public use may not be interfered with by either of the other departments of government. (*Garrison* v. *City of New York*, 88 U. S. 196.) * * * It is a compulsory purchase by public authority, and the individual receives money in the place of the property taken. He has a right to his day in court on the question of compensation, but he has no right to a day in

court on the question of appropriation by the state unless some statute requires it."

In *Matter of City of Buffalo* (189 N. Y. 163) this court held that as the city charter did not require any proofs as to necessity, the legislature had delegated that question to the municipal authorities, and the opinion pointed out the distinction in this respect between the act there in question and the Condemnation Law.

In like manner the allegation of the answer to the effect that the action and resolution of the Commission were not taken or passed in good faith, but that said Commission was seeking to acquire the premises for some ulterior purpose different than that disclosed in the resolution and petition, failed to set forth any triable objection to the appointment of commissioners and the condemnation of the land.

In *Waterloo Woolen Mfg. Co.* v. *Shanahan* (128 N. Y. 345) the action was to restrain the superintendent of public works and contractors from clearing out the channel of Seneca river under an act of the legislature. It was held that the courts could not pass upon the motives or propriety of the legislation.

In *McCabe* v. *City of New York* (213 N. Y. 468) it was held that the courts could not inquire into the motives actuating the board of estimate and apportionment in ordering a change of the map of streets by the discontinuance of certain streets. The same principles as have been held applicable to acts of the legislature were held to apply to municipal authorities, and it was held that the courts must assume that the officers acted in good faith, and their action, whether wise or otherwise, could not be interfered with. The courts cannot say that the professed motives of their action were not the real ones.

In 2 Lewis on Eminent Domain (3d ed. § 606) it is said: " Whether it may be shown, by way of defense, that the proceedings are not instituted in good faith for the purpose alleged in the petition, but for some ulterior pur-

pose, for which the petitioner could not condemn, admits of some doubt. If the petition or instrument of appropriation shows that the property is wanted for a purpose which is a public use within the constitution and for a purpose within the statute conferring authority, it would seem the better rule that any inquiry into the secret purposes or intentions of the appropriator should be precluded."

Therefore, I think that the order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J. (dissenting). I dissent. I think that the answer alleged in substance that the property was sought to be condemned in bad faith for a use which was not a public use; and that the appellant was entitled to have this issue tried. Though proper in form, the action of a body exercising the delegated power of eminent domain or even taxation may be so arbitrary as to authorize the interference of the judiciary. (See *Myles Salt Co., Ltd.,* v. *Board of Commissioners, Iberia Drainage Dist.,* 239 U. S. 478.)

CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur with HISCOCK, J.; WILLARD BARTLETT, Ch. J., dissents in memorandum.

Order affirmed.