COUNTY OF JEFFERSON, Respondent, *v.* BARTEL HORBIGER and Others, Appellants.

Fourth Department, April 30, 1930.

*Delos M. Cosgrove,* for the appellants Horbiger.

*Fred K. Felshaw,* for the appellant Susie Rider.

*Phelps & Machold* [*Henry A. Hudson* of counsel], for the respondent.

CROUCH, J. The appeal is from an order of the County Court of Jefferson county in a proceeding to condemn certain property for State highway use. It adjudges that the property is necessary for public use; that the petitioner is authorized to take and hold the property upon making compensation therefor; and it appoints three commissioners of appraisal.

It is obvious that up to the time of the hearing petitioner's practice was guided by the provisions of the Condemnation Law. The petition alleged the various matters required by section 4 (as amd. by Laws of 1926, chap. 612); the requirements of sections 5 and 6 (as respectively amd. by Laws of 1926, chap. 612, and Laws of 1923, chap. 245) were complied with, and answers in the form required by sections 8, 9 and 10 were drawn, served on and accepted by the petitioner.

At the hearing, however, petitioner's counsel in opening called the attention of the court to the provisions of section 27 of the Condemnation Law excepting from the operation of that law such acts as prescribe a method of procedure for the condemnation of real property for highway use. Formal proof in support of the allegations of the petition was received and thereupon the court on petitioner's motion dismissed the answers and the objections raised therein, on the ground that the answers had no application

under the Condemnation Law and had no application under sections 150 and 151 of the Highway Law.

We think the court was in error. The sections of the Highway Law referred to provide for personal notice to the owner or occupant, application by petition which must necessarily allege controvertible facts, and for a hearing. Here is something different from and more than the summary procedure considered in such cases as *People* v. *Adirondack R. Co.* (160 N. Y. 225) and *Bunyan* v. *Commissioners of Palisades Interstate Park* (167 App. Div. 457). There is authority that under such a statute as the Highway Law there is a right to raise questions both of law and of fact, and that the best way to do it is by the interposition of a sworn answer. (*Matter of Public Service Comm.*, 217 N. Y. 61, 65; *Matter of Mayor*, 22 App. Div. 124; *Hooker* v. *City of Rochester*, 57 id. 530; affd., 172 N. Y. 665; 2 Lewis Em. Dom. [3d ed.] § 589 *et seq.*)

The printed record leaves us in doubt as to whether defendants desired and intended to offer evidence which was precluded by the court's ruling. Upon the assumption that the record is complete, however, we deal with the issues raised. Obviously there can be no serious question that the lands sought to be taken are for a public use; and the question of necessity and expediency is not judicial. (*Matter of Public Service Comm.*, 217 N. Y. 61; *People* v. *Adirondack R. Co.*, 160 id. 225.)

We come, then, to defendants' contention that the steps required by statute preliminary to condemnation were never taken. To exact strict compliance with all statutory requirements is the right of an owner whose property is taken *in invitum*. Public policy makes the same exaction. The title of the public in the lands taken and the validity of public obligations which may be issued in connection with highway improvement might otherwise be seriously affected.

Where the proposed new construction deviates from the line of an existing highway, "the board of supervisors * * * shall provide the requisite right of way." (Highway Law, § 148, as amd. by Laws of 1927, chap. 43.) Such rights of way may be acquired by purchase (section 149, as amd. by Laws of 1924, chap. 460) or, if that method fails after attempt made, by condemnation (section 150 *et seq.*, as amd. by Laws of 1927, chap. 88).

On February 13, 1928, the board of supervisors of Jefferson county adopted a resolution which, after reciting a request from the State Division of Highways to procure certain parcels of land for highway construction and an anticipation that other parcels would have to be acquired, authorized the highway committee of the board to procure counsel and to institute condemnation pro-

ceedings to acquire any or all of said parcels. It seems clear that this resolution was defective and insufficient in several respects. For that reason, or for some other which does not appear, that resolution was rescinded by resolution adopted May 13, 1929, and on the same day a third resolution was adopted to the effect " that the Chairman be authorized to appoint a committee to procure Rights-of-Way for the Philadelphia-Antwerp State Highway No. 5548 in the Town of Philadelphia and No. 5427 in the Town of Antwerp." Pursuant to that authority the chairman appointed the highway committee as such committee. Some negotiations for purchase were thereafter had with defendants. There is no proof as to the outcome of those negotiations. There is no proof that any outcome was reported back to the board. There is no proof that the board as a body ever took any further action. The petition is signed and verified in the name of the board of supervisors by the chairman.

The argument of the petitioner addressed to the regularity of the proceeding rests, as we understand it, upon the contention that the mandatory phrase of section 148 of the Highway Law —" shall provide the requisite right of way "— deprives the board of any discretion and renders its duty in such cases purely ministerial. Hence it is said that the delegation of its duty to the committee under the last resolution mentioned above was properly made and that the committee was legally empowered thereby first to acquire the right of way by purchase and then, if unable to do so, by condemnation. While it is not always easy to draw the line between duties which are merely ministerial and those which are governmental, requiring the exercise of judgment and discretion, we are disposed to think that some degree of judgment and discretion still resides with the board notwithstanding the language of section 148. That the board must at some time, pursuant to a request from the State Division of Highways, provide the requisite right of way is probably true. The time when and the circumstances under which that shall be done is, within reasonable limits, a matter for the board to decide. The cost of the right of way is a county charge. Its acquisition means the immediate payment of county funds or the assumption of indebtedness. The county finances may be in such condition as to render immediate compliance injudicious, if not impossible. These and similar considerations tend to give a governmental character to the duty. Notwithstanding that, the statute itself (section 149) permits the board to authorize its chairman, a member, or a committee to purchase lands for rights of way. It is to be noted that a similar permission is not granted by section 150, which relates to acquisition by condemnation. In

such cases the board itself must act. We think the statute contemplates, *first*, a resolution of the board authorizing its chairman, a member or a committee to purchase certain specified and described parcels; *second*, in the event of inability to purchase, a report to that effect back to the board; *third*, a resolution by the board, which might very well recite the effort to purchase and its failure, authorizing the acquisition of specified and described parcels by condemnation, designating the chairman or some member of the board to sign and verify the petition in the name of the board and delegating, if desired, to any suitable person the ministerial duty of carrying through the proceeding.

A resolution like the one in question here, authorizing a committee " to procure Rights-of-Way " would be legal and appropriate under section 149. To construe it as embracing also authority to perform the ministerial duty of carrying through condemnation proceedings under sections 150 *et seq.*, would require us to read into it some such additional phrase as (to procure) " by whatever means are necessary " with the implication added that thereby the board as a body had exercised its judgment and discretion. This is asking too much, particularly when we find that it is the chairman of the board who signs and verifies the petition in the name of the board, not the members of the committee.

The evidence, in short, fails to show the requisite jurisdictional facts. The order should be reversed on the law, with costs, and petition dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law, with costs, and petition dismissed, with costs.