THE COUNTY OF ORANGE, Respondent, v. ERNEST G. STILLMAN, THE STORM KING SCHOOL, CHAUNCEY D. STILLMAN, ELIZABETH S. WILLIAMS, ADELE M. PECK, MARIE ABBOTT, KENNETH PECK, DOROTHY PECK DEWITT, GERTRUDE ELY and THE VILLAGE OF CORNWALL, Appellants, and Others, Defendants.— Appeal by certain property owners from a judgment of condemnation for the taking of property for the construction of a portion of a State highway and appointing commissioners of appraisal pursuant to sections 32 and 33 of the Highway Law. Judgment unanimously affirmed, with costs. The holding in *City of Long Beach* v. *Long Beach Water Co.* (209 App. Div. 902) that an offer to purchase property sought is a jurisdictional requirement has no application in this proceeding. That concerned a condemnation proceeding under the Condemnation Law. Section 4, subdivision 5, thereof specifically required such an allegation in a petition for condemnation. Under section 27 of the Condemnation Law, the provisions of that article do not apply to procedure for the condemnation of real property for public use as a highway. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381.) Under the Highway Law, which alone controls the procedure herein, there is no provision corresponding to that in the Condemnation Law respecting such an allegation in a petition for condemnation. Section 32, which prescribes what a petition for condemnation under the Highway Law shall contain, has no provision corresponding to that contained in section 4, subdivision 5, Condemnation Law. It merely provides that in the event the board of supervisors is unable to acquire land by purchase, it may petition for the appointment of commissioners of appraisal on a petition containing certain facts thereinafter prescribed, which enumeration makes no reference to the facts relating to the board's inability to acquire the land by purchase. Accordingly, there is no jurisdictional requirement respecting an offer to purchase, since there is no requirement in section 32 that there be any allegation respecting such a matter or any proof thereof, in order that the court may pass upon the petition. The board of supervisors, under section 31, is authorized to acquire land by purchase, and no particular procedure is prescribed. The

board, therefore, may, by formal or informal means, make offers, or it may conclude not to make offers if the facts and circumstances satisfy it that such an attempt to acquire by purchase would be futile. The determination of this phase rests with the board. Assuming, without deciding, that there is a jurisdictional requirement that an attempt be made to acquire land by purchase before a petition to condemn may be entertained or acted upon, such an attempt was established as to Ernest G. Stillman. Moreover, the evidence amply establishes that if such an attempt were not made, endeavoring to do so would be a futile act, and, therefore, would be rendered unnecessary. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.