CHARLES E. ZAHN, Respondent, v. GULF OIL CORPORATION, Appellant, et al., Defendants.— Appeal by defendant Gulf Oil Corporation from an order insofar as said order denied said defendant's motion to dismiss the amended complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Order insofar as appealed from affirmed, with $10 costs and disbursements. In arriving at this decision, this court does not pass upon the relevancy of section 130 of the Personal Property Law to the issues raised herein. Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ., concur. [204 Misc. 678.]

(May 5, 1954.)

BORO HALL CORP. et al., Appellants, v. VINCENT R. IMPELLITTERI et al., Constituting the Board of Estimate of the City of New York, et al., Respondents, and BROOKLYN HOSPITAL et al., Interveners, Respondents.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied, without costs. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ. [See *ante*, p. 889.]

(May 7, 1954.)

COUNTY OF DUTCHESS, Respondent, v. MARY F. CARY, Appellant.— Appeal from order appointing commissioners of appraisal in a proceeding to condemn property for highway purposes and refusing appellant a hearing as to the necessity for the taking. Order unanimously affirmed, with costs. While there is doubt that an appeal lies from the order (*Matter of Board of Transp. of N. Y.,* 272 N. Y. 52, 55; *County of Orange* v. *Storm King Stone Co.,* 180 App. Div. 208; *Matter of Mayor of City of N. Y.,* 22 App. Div. 124; *Hooker* v. *City of Rochester,* 57 App. Div. 530, affd. 172 N. Y. 665; *Matter of Broadway & Seventh Ave. R. R. Co.,* 69 Hun 275), we have considered the appeal on the merits. The absence of any provision in the Highway Law to bring the factor of necessity of taking within judicial consideration shows that the Legislature has delegated its power to the Board of Supervisors to determine necessity. The determination of necessity, therefore, is a legislative function and not a judicial one. (*Matter of Townsend,* 39 N. Y. 171; *Matter of Fowler,* 53 N. Y. 60, 62; *Matter of Public Service Comm.,* 217 N. Y. 61; *People* v. *Adirondack Ry. Co.,* 160 N. Y. 225; *County of Jefferson* v. *Horbiger,* 229 App. Div. 381; *Matter of Hicks Development Corp.* v. *Incorporated Vil. of Lawrence,* 282 App. Div. 1048, affd. 306 N. Y. 922; *Bunyan* v. *Commissioners of Palisades Interstate Park,* 167 App. Div. 457, 462, 463.) Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.