Lawrence H. Cooke, J.
This is a proceeding to condemn certain lands under the Highway Law. Upon the presentation of the petition, petitioner moved to dismiss the answer served and filed by four of the defendants.
*601 It was contended that this proceeding is governed by the provisions of the Highway Law rather than by the Condemnation Law, that no provision is made in the former for an answer, citing in particular the first sentence of section 121 of the Highway Law, and that the answer is therefore void and should be dismissed and stricken.
While it has been held that the Highway Law alone controls the procedure in such a proceeding as this (County of Orange v. Stillman, 251 App. Div. 857), it also has been held that it is proper to interpose an answer in this type of proceeding. In County of Jefferson v. Horbiger (229 App. Div. 381, 382-383), it was declared:
1 ‘ Formal proof in support of the allegations of the petition was received and thereupon the court on petitioner’s motion dismissed the answers and the objections raised therein, on the ground that the answers had no application under the Condemnation Law and had no application under sections 150 and 151 of the Highway Law.
“We think the court was in error. The sections of the Highway Law referred to provide for personal notice to the owner or occupant, application by petition which must necessarily allege controvertible facts, and for a hearing. Here is something different from and more than the summary procedure considered in such eases as People v. Adirondack R. Co. (160 N. Y. 225) and Bunyan v. Commissioners of Palisades Interstate Park (167 App. Div. 457). There is authority that under such a statute as the Highway Law there is a right to raise questions both of law and of fact, and that the best way to do it is by the interposition of a sworn answer. (Matter of Public Service Comm., 217 N. Y. 61, 65; Matter of Mayor, 22 App. Div. 124; Hooker v. City of Rochester, 57 id. 530; affd., 172 N. Y. 665; 2 Lewis Em. Dom. (3d ed.) § 589 et seq.) ”
It should be pointed out that section 151 of the Highway Law in effect at the time of said decision is identical to the present section 121 of said law. Section 150 then in effect is almost identical to the present section 120.
In Hooker v. City of Rochester (57 App. Div. 530, 531, affd. 172 N. Y. 665) the Appellate Division stated:
“ Section 176 of the city charter (Laws of 1880, chap. 14, as amd. by Laws of 1892, chap. 190) authorizes the institution of eminent domain proceedings in the County Court, as well as in the Supreme Court, and provides that when the application is made for the appointment of commissioners, and before their appointment, the court shall hear all ‘ parties interested, if desired.’
*602 “We are of opinion that this provision of the statute authorized the interposition by plaintiff, by affidavit or answer, of any legal objection to the right of the city to maintain such proceeding or to acquire the easement through his premises, and that if it did not, the court would necessarily have such inherent power. (Lewis Em. Dom. §§ 388-390; Matter of Mayor, 22 App. Div. 124; Matter of City of Buffalo, 64 N. Y. 547; Matter of New York Central R. R. Co., 66 id. 407; Matter of New York, West Shore & Buffalo R. Co., 64 How. Pr. 216; Matter of Niagara Falls & Whirlpool R. Co., 108 N. Y. 375; Matter of Niagara Falls & Whirlpool R. Co., 121 id. 319; Matter of Thomson, 86 Hun 405, 410; Citizens’ Water Works Co. v. Parry, 59 id. 202; Matter of Staten Island R. T. R. R. Co., 20 Wkly. Dig. 15; The St. Joseph Term. Ry. Co. v. The H. & St. J. Ry. Co., 94 Mo. 535; Willard v. Boston, 149 Mass. 176.) ” The editorial notes added to the report of the decision in County of Jefferson v. Harris (259 App. Div. 780) indicate the existence of an answer, only parts of which were stricken. The right of an answer therefore was recognized because the record on appeal reveals that the motion there sought alternative relief, namely, to strike out and dismiss the answer or certain specified parts thereof. The record also reveals that the memorandum of the County Court held in part: “ There is no question as to the right of the respondents to interpose an answer, denying any material allegation of the petition and setting up new matter by way of defense.”
Furthermore, an answer is conducive to better judicial process in that it limits issues, prevents surprise and results in more orderly procedure. While it is difficult to conceive of any harm arising from an answer, much good can be seen from one where a party desires to raise issues in such a proceeding. Such a pleading would appear to be advantageous to both sides.
The within motion to strike out and dismiss the answer was made orally on the presentation of the petition and the answering defendants contended that such a procedure was improper. In view of the conclusion reached herein, it is not necessary to pass upon said question.
Motion denied without prejudice to such motions as petitioner may make properly in regard to portions of the answer.
Submit order.