Manuel W. Levine, J.
This motion by plaintiffs for a preliminary injunction is granted to the éxtent set forth herein. Defendant County of Nassau will be enjoined, pending the trial of this action, from taking any steps for the acquisition of the real property designated in the complaint pursuant to the agreement with defendant Nassau County Bridge Authority authorized by Ordinance No. 294^1968. The injunction is conditioned upon the filing of a bond by the individual plaintiffs jointly in the amount of $1,000 pursuant to CPLR 6312.
*666 The County of Nassau possesses broad powers for the acquisition of real property for public use (see Nassau County Administrative Code, § 11-7.0; L. 1939, chs. 272, 701-709, as amd.). This court does not question the public nature of the use contemplated for the property involved in this proceeding, nor for that matter the desirability of such use. If the county were acquiring this land for its own use pursuant to the aforesaid broad powers conferred upon it by the Legislature, there would be no doubt as to the validity of such acquisition. However, where the county proceeds to acquire land pursuant to a particular law, it is governed by the provisions of such law and may only act in conformity therewith (Matter of Mastrangelo v. State Council of Parks, 22 A D 2d 947, 948, app. withdrawn, 16 N Y 2d 540). Ordinance No. 29A-1968 authorized the County Executive to execute an agreement with the Nassau County Bridge Authority for the acquisition of real property by the county on behalf of the Authority. It is provided in Resolution No. 675-1968 that the real property to be so acquired is for the purpose of providing recreational facilities for the public. The county may agree with the Authority for the use of land by it, and for the acquisition of land by the county for the Authority’s use (Public Authorities Law, § 657). The county is granted power to acquire land by purchase or condemnation for the Authority (Public Authorities Law, § 656). It is restricted, however, under both of the aforesaid sections to land “ needed or convenient for the project or in connection therewith ”. The project is defined as ‘ ‘ Atlantic Beach bridge and any new bridge constructed by the authority across Reynolds channel, or either of said bridges, together with such structures, appurtenances, facilities and approaches as may be necessary or convenient in connection therewith ”. (Public Authorities Law, § 652, subd. 8.) Clearly recreational facilities would not fall within the definition of the project as set forth in the statute. On the papers before this court, it would therefore appear that the agreement authorized by Ordinance No. 294-1968 and the acquisition of property pursuant thereto are beyond the scope of the powers vested in the County of Nassau by title 7 of article 3 of the Public Authorities Law.
It might be pointed out that no answer to the complaint has as yet been served. The complaint on its face does state a cause of action and the supporting papers on this motion set forth sufficient grounds for the granting of a preliminary injunction. Although it has been held that where there is a right to interpose objections in a condemnation proceeding, injunctive relief in a separate action will not lie (Hooker v. *667 City of Rochester, 57 App. Div. 530), it might be pointed out that the plaintiff in that action was in fact a party to the condemnation proceeding. On the other hand, the plaintiffs here are not owners of the property to be acquired and in the ordinary course would not be parties to any acquisition proceedings. More important, however, it is now clear that even an owner of property to be condemned may maintain a taxpayer’s action for the purpose of enjoining an illegal acquisition of land (see Denihan Enterprises v. O’Dwyer, 302 N. Y. 451).
In the event this action is not disposed of by motion pursuant to CPLR 3212 or otherwise, a preference in the trial may be obtained in accordance with the provisions of CPLR 3404 and rule 11 of the rules of this court. The order to be entered hereon will provide that this case may be placed upon the calendar for trial on a date 20 days after the joinder of issue by the filing of a note of issue, statement of readiness and a copy of the order to be entered hereon.