In the Matter of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Appellant, Relative to Acquiring Title to Real Property Required for Highway Purposes. (Proceeding No. 2.)

FENTON SHERWOOD, Respondent.

(Argued May 20, 1935; decided May 28, 1935.)

*Walter A. McDermott* and *Ernest W. Hofstatter* for appellant. The procedure taken by the county to acquire the property for highway purposes was in conformity with statutory requirements. (Cons. Laws, ch. 25, §§ 148–150; *Matter of Public Service Comm.*, 217 N. Y. 61; *People* v. *Adirondack Ry. Co.*, 160 N. Y. 225; *Matter of City of Buffalo*, 189 N. Y. 163; *People ex rel. Herrick* v. *Smith*, 21 N. Y. 595; *Matter of Fowler*, 53 N. Y. 60; *People ex rel. Horten* v. *Prendergast*, 248 N. Y. 215; *Matter of City of Utica*, 134 Misc. Rep. 60; *Matter of Sherman*, 76 Misc. Rep. 45; *Matter of City of Rochester* v. *Holden*, 224 N. Y. 386; *Ramapo Mountains Water Power & Service Co.* v. *Commissioners of Palisades Park*, 177 App. Div. 700; *County of Jefferson* v. *Horbiger*, 229 App. Div. 381.) There was no necessity upon the trial for the petitioner to prove the other allegations contained in the petition. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381; *Matter of City of Utica*, 134 Misc. Rep.

60; *People* v. *Carpenter*, 24 N. Y. 86; *Matter of Church*, 92 N. Y. 4; *Matter of City of Buffalo*, 189 N. Y. 163.)

*Irving G. Kennedy* for respondent. There was a complete failure of proof to support the judgment of condemnation. (*City of Long Beach* v. *Long Beach Water Co.*, 209 App. Div. 902; *Matter of Bronx Parkway Comm.*, 176 App. Div. 717; *Matter of N. Y., W. & B. R. R. Co.*, 151 App. Div. 50; *New York T. Co.* v. *Wood*, 145 Misc. Rep. 481; *Bell Tel. Co.* v. *Parker*, 187 N. Y. 299; *Matter of Central H. G. & El. Corp.* v. *Morgenthau*, 234 App. Div. 530; *County of Jefferson* v. *Horbiger*, 229 App. Div. 381; *Matter of South Market St.*, 76 Hun, 85.)

HUBBS, J. This is a condemnation proceeding brought by a Board of Supervisors to condemn land required for the reconstruction of a State highway. Acquisition of such land is provided for under sections 148 to 150, inclusive, of the Highway Law (Cons. Laws, ch. 25), which sections provide in substance that where a State highway proposed to be constructed or improved shall deviate from the line of a highway already existing, the Board of Supervisors of the county shall provide the requisite right-of-way (§ 148), that the Board may by resolution authorize a committee to purchase the land, the purchase price to be a county charge (§ 149), and that if the Board of Supervisors " is unable to acquire land by purchase as provided for in section one hundred forty-nine of this chapter " (§ 150), the Board may present a petition to the Supreme Court for the appointment of appraisers to ascertain and determine the compensation to be paid. The petition is required to contain the following information: a description of the land to be acquired with a reference to a map upon which the same is shown which shall be annexed to such petition (§ 150). Section 149 does not specify any particular procedure to be followed in purchasing the land. The section reads in part as follows: " The board of super-

visors may, by resolution, authorize its chairman, a member, or a committee to purchase the lands to be acquired for the purposes specified in the preceding section. * * * The purchase price of such lands shall be a county charge * * *."

On July 7, 1933, the Board of Supervisors adopted a resolution appointing two supervisors to act with the County Attorney " to purchase the land necessary for right-of-way for the Suffern-Mt. Ivy County Highway 1448 as shown on * * * map No. 13 (r-4) Fenton Sherwood * * *."

Under date of July 10, Hoffstater, as County Attorney, wrote a letter to respondent Sherwood inclosing " revised State highway department map No. 13 (r-4) showing the property necessary to be taken from you for the improvement and reconstruction of the Suffern-Mt. Ivy highway," and stating that he was authorized by the committee of the Board of Supervisors to offer the sum of $1,200 for the property taken as shown on the map.

Under date of July 17, the committee reported that it had been " unable to purchase or procure such parcels of land for said right-of-way."

Under date of July 18, the Board of Supervisors adopted a resolution authorizing condemnation of respondent's land. At the hearing at Special Term the resolution of the Board of Supervisors, dated July 7, 1933, a certificate of the County Clerk showing the filing of the petition and right-of-way maps, and the letter from the County Attorney to respondent were offered and received in evidence without objection on the part of respondent and it was stipulated on the part of respondent that the letter was received by him and never replied to either in person or by attorney. There was also received in evidence, over the objection of respondent, the resolution of the Board of Supervisors dated July 18, 1933, authorizing condemnation, the report of the committee as to inability to purchase and certain affidavits not material

upon the question here involved. The respondent, at the trial, declined the offer of $1,200, but in doing so stated that the time to negotiate was prior to the institution of the proceeding and that whether or not respondent would take $1,200 was considered incompetent on the trial.

The Special Term granted judgment, decreeing that public use required the condemnation of the property described in the petition and appointing appraisers to ascertain and determine the compensation to be made to respondent. The Appellate Division reversed on the law and facts and stated that in its opinion there had not been a substantial compliance by the petitioner with the statutory provisions in respect to a showing that there was necessity for the improvement and that a fair and reasonable effort had been made to purchase the property by agreement with the respondent. It is respondent's contention that there was a complete failure of proof to support the judgment of condemnation.

No detailed procedure to be followed by the Board in its efforts to purchase the land is prescribed by statute and there is no requirement as to what must be contained in the petition other than as stated above. It cannot be said that the petition fails to comply with the statute. The petition does state that the Department of Public Works had duly determined upon and laid out the highway upon the lands described in the petition, and that such lands were essential for the proposed construction. It does not seem that there is any point to respondent's contention that the necessity for the acquisition of the land in question is not shown. The duty is placed upon the Board of Supervisors to acquire the lands shown on the maps prepared by the State Highway Department and while the maps themselves do not indicate by whom they were made, the respondent was advised in the letter from the County Attorney that the map in question was State Highway Department map No. 13 (r-4). Certainly there

is a presumption of regularity in the proceedings of the Board of Supervisors with reference to the condemnation of these lands. In all the proceedings the highway is referred to as Suffern-Mt. Ivy County highway 1448. The map was received in evidence without objection. It is plainly marked map No. 13 (r-4) highway No. 1448, Rockland county, and it is that map to which reference is made in the letter from the County Attorney to respondent as " State Highway Department map No. 13 (r-4)."

It is clear that the resolutions of the Board of Supervisors and the letter of the County Attorney constituted some evidence of the fact that the lands of respondent were necessary to be taken in the construction of the highway and that in the absence of any proof to the contrary the court was justified in finding as a fact that the lands were necessary.

No method to be adopted by the Board in its efforts to purchase the land is specified by the statute. What efforts are required to be made is a matter for the determination of the Board and what price should be paid is likewise left open for the determination of the Board. It is shown in this instance that the Board appointed a committee, that the committee offered $1,200, that it reported that it could not purchase the land and that the Board accepted its report and approved it by ordering condemnation proceedings recommended in the committee's report. Since the Board is by statute authorized to act in its efforts to purchase through a committee and since the respondent by failing to accept the offer made by the committee and by refusal to accept at the trial the amount offered, indicated that the price was not satisfactory, there is sufficient evidence of the fact that the Board of Supervisors was " unable to acquire land by purchase."

The whole theory of respondent is that the statute contemplates personal negotiations with respect to the price to be paid. We have here an offer in writing, proof

of its receipt and competent evidence of non-acceptance. There is nothing in the record to indicate that the offer was inadequate in amount. The conclusion of the Appellate Division that there was no substantial compliance with the statutory provisions in respect of a showing that there was necessity for the improvement and that a fair and reasonable effort was made to purchase the property by agreement is highly technical. There are no statutory provisions in so many words requiring any such showing and both the necessity for the acquisition of the lands and that an effort was made to purchase has been shown by some competent proof. Until the Legislature prescribes a more exact method of procedure to be followed in the efforts to purchase the land and more definite provisions as to what must be shown in the petition, it does not seem that the court in the absence of proof of inadequacy of price offered should disapprove the procedure here followed by the Board.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.