(June 21, 1951.)

ARTHUR E. KNAPP et al., Appellants, v. WALTER FASBENDER, Individually, as Supervisor of the Town of Huntington, and as a Member of the Board of Trustees of the Said Town, et al., Respondents. (Consolidated Action.)

In the Matter of HENRY J. WOLFF et al., Appellants, against WALTER FAS-BENDER et al., Constituting the Town Board of the Town of Huntington, Suffolk County, et al., Respondents.— In a proceeding brought pursuant to article 78 of the Civil Practice Act, to review the determination of officials in acquiring and maintaining a public beach, order dismissing petition affirmed, without costs. In a consolidated action brought pursuant to section 51 of the General Municipal Law, for an adjudication that a public beach was acquired without authority and to restrain the continuance of waste of town funds and for the restoration to the town of funds illegally expended, judgment reversed on the law as to defendants other than defendants Cermak, Scudder and the Town of Huntington, without costs, and judgment in favor of plaintiffs granted, without costs, and judgment otherwise affirmed, with costs. The fact that the trustees as such had or have the power to hold town property does not empower them to acquire real property without compliance with sections 81 and 220 of the Town Law. The trustees were, therefore, without authority to purchase and maintain the beach and were without jurisdiction to do that which they did. This could be done pursuant to section 64 of the Town Law, only by the town board and then only upon approval of the qualified electors at an election (Town Law, §§ 81, 220). We regard the acquisition and improvement of the tract as accomplished by the town board even though purportedly done by the same personnel, other than the town clerk, as trustees. The 1943 and 1945 amendments (L. 1943, chs. 710, 711; L. 1945, ch. 838) of sections 81, 220, and 223 of the Town Law, and section 35.00 of the Local Finance Law, having to do with elimination of one referendum in the event that the financing is to be accomplished by means of bonds of not more than five years' duration, are inapplicable. No element of financing is involved in this case, in that the cost was defrayed out of unexpended budget balances which in turn could not be utilized for the acquisition of a park or playground or parking place save upon approval of qualified electors. (*Mander* v. *Coleman*, 109 App. Div. 454 [3d dept.]; *Leffingwell* v. *Scutt*, 221 App. Div. 462 [3d dept.].) We regard the superintendent of highways, under the proof which was adduced, as merely following the directions of the members of the town board. No claim was made on the trial that the Fasbender group of defendants are not properly to be cast in judgment if the substantive questions presented were resolved against them; nor is any such contention made on this appeal. Moreover the cases invoked to relieve them are not controlling. The discretionary power under section 51 of the General Municipal Law, may only be used to relieve certain public officials from the consquences of their erronous acts when such acts are done *within the jurisdiction* granted to such officials; for instance erroneous acts of audit (*Wallace* v. *Jones*, 122 App. Div. 497). Those cases have no pertinency to acts done *without jurisdiction* or beyond jurisdiction as in the case at bar. Any other view would make futile the opportunity afforded a taxpayer to redress wrongs, when such wrongful acts are the result of official action without jurisdiction with resultant expenditure or waste of public funds. The restoration of the illegal expenditures in excess of $6,000 would not be achieved unless this group of defendants be cast in judgment. In the light of the applicability of section 51 of the General Municipal Law, the proceeding pursuant to article 78 of the Civil Practice Act, was properly dismissed. (*Matter of Birch* v. *Huie*, 169 Misc. 1011, affd. 256 App. Div. 1057 [1st dept.] motion for leave to appeal denied 280 N. Y. 850.) Carswell, Adel, Sneed and MacCrate, JJ., concur; Nolan, P. J., dissents in part with the following memorandum: I concur in the affirmance of the order dismissing the petition and in the reversal of the

judgment in the consolidated action and in the granting of judgment in favor of plaintiffs, except insofar as a personal judgment is granted against the defendants Fasbender, Knell, Ingerman, Hahn and Titus, and dissent from such determination. With respect to those defendants, the Referee found that there had been no collusion and that no personal gain had been realized by them as a result of their unauthorized acts. Under such circumstances a personal judgment should not be directed against them. (*Stetler* v. *McFarlane*, 230 N. Y. 400, 405; *Wallace* v. *Jones*, 195 N. Y. 511; *Daly* v. *Haight*, 170 App. Div. 469, affd. 224 N. Y. 726.) Settle order on notice within five days of the date of this decision, incorporating a provision for the holding of a legal election, at which an opportunity will be afforded to adopt or reject an approval of the action of the defendant officials and staying the execution of this judgment until such election is had with a validating effect; otherwise the judgment to be enforced.