In the Matter of HICKS DEVELOPMENT CORPORATION, Appellant, against INCORPORATED VILLAGE OF LAWRENCE et al., Respondents.— Appeal by petitioner from an order dismissing the petition in a proceeding brought under article 78 of the Civil Practice Act to annul a resolution adopted by the board of trustees of the village of Lawrence, Nassau County, for the acquisition of property for park and recreational purposes and the action taken in furtherance thereof. Order modified on the law by adding at the end of the ordering paragraph " without prejudice to an action under section 51 of the General Municipal Law or to any right petitioner may have to appear in a proceeding to condemn the property and to oppose therein the vesting of title." As so modified the order is unanimously affirmed, without costs. The resolutions to acquire the property were legislative

in character. They expressed the purposes for which the property was to be acquired. Those purposes were public, and the village has power to acquire by condemnation property for such purposes (Village Law, § 89, subd. 31; § 169), even though the use is to be limited to the residents of the village. (*Pocantico Water Works Co.* v. *Bird,* 130 N. Y. 249.) Courts accept as fact that which is expressed in an act to be the legislative purpose unless from the face of the act or from facts which may be judicially noticed it is made to appear that the taking is not for the expressed purpose. (*Waterloo Woolen Mfg. Co.* v. *Shanahan,* 128 N. Y. 345; *Matter of Public Service Comm.,* 217 N. Y. 61, 69.) The petition here alleged no fact which warranted a hearing as to whether the acquisition was for other than park and recreational purposes. Neither did it allege any fact showing failure by respondents to observe required procedure preliminary to the adoption of the resolutions. Presumably the board of trustees acted regularly. (*Matter of Board of Supervisors* [*Sherwood*], 268 N. Y. 84, 89.) The neglect of the village clerk to prepare a registry of duly qualified voters did not invalidate the election at which the resolution to acquire the property was approved. There is no allegation in the petition from which it could be found that the failure to have a registry list in anywise affected the result of the election. The Village Law (§ 307 *et seq.*) provides an alternative procedure to that of the Condemnation Law, and states what shall be set forth in a petition to acquire land for a public purpose. The omission of any requirement that facts showing necessity for the taking must be pleaded indicates a legislative intent that the necessity for the public use and the extent of the taking for such use are matters for determination by a village board and not by the courts. (Cf. *Matter of Public Service Comm., supra,* and *Bunyan* v. *Commissioners of Palisades Interstate Park,* 167 App. Div. 457, 462–463.) Petitioner alleges that it purchased the property for residential development. The court can take judicial notice that land of this description has been developed for park and recreational purposes. The petition alleges an offer of a gift to the respondents of a portion " which would be suitable " for park and recreation purposes. No facts are alleged from which it could be found that the property is totally unfit for present park and recreational use. No facts warranting judicial review under article 78 of the Civil Practice Act were set forth in the petition. (*Matter of Village of Hewlett Harbor* v. *County of Nassau,* 272 App. Div. 1065; *Knapp* v. *Fasbender,* 278 App. Div. 970; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199.) Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.