Appeal from an order of the Supreme Court at Special Term, Warren County which granted a motion to dismiss the complaint herein on the ground that it failed to state facts sufficient enough to constitute a cause of action. The action against the defendant village is predicated upon the alleged failure of the village to properly maintain, repair and supervise its water supply system and certain fire hydrants which formed a part thereof. The complaint alleges that as a result of such failure the defendant village was unable to extinguish a fire which consumed two buildings belonging to the plaintiffs. The complaint further alleges that a statutory duty was imposed upon the defendant village to keep its water system in repair by section 224 of the Village Law, and that by a failure to perform this duty the village has rendered itself liable to appellants’ damages for losses sustained as a result thereof. The question involved is whether a breach of any statutory duty imposed by section 224 of the Village Law imposes liability to individual citizens who suffer losses by fire. This same question was apparently passed upon adversely to the contention of the plaintiffs in the case of Steitz v. City of Beacon (295 N. Y. 51). It was held generally that the mere duty to maintain a water and fire system did not impose any liability, and that municipalities have not been made insurers of loss by fire. It should be noted that this case was decided after the passage of section 8 of the Court of *926 Claims Act, which provided for the waiver of sovereign immunity. Order affirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.