■ In the Matter of the TOWN BOARD OF THE TOWN OF ISLIP, Appellant-Respondent, v. DAVID S. FISHMAN et al., Respondents-Appellants.— In a proceeding by the Town of Islip to condemn and acquire certain land for use as a public beach, the parties cross-appeal as follows from a final order of the Supreme Court, Suffolk County, dated September 28, 1961, made upon the decision of the court after a nonjury trial: (1) The Town Board appeals, as

limited by its brief, from so much of said order as awarded to the claimants $5,000 for consequential or conjunctive damage; and (2) the claimants appeal from the whole of said order, contending, *inter alia,* that the proceeding is jurisdictionally defective because of the town's failure to hold a referendum of the voters for the authorization of the proposed acquisition. On claimants' appeal: Final order reversed on the law, with costs, and petition dismissed, with $50 costs. We affirm the findings of fact below, and we would affirm the order if we did not reverse it and dismiss the petition on the law because of the jurisdictional defect. It is undisputed that a referendum by the electorate was never held in order to obtain their approval for the acquisition of the land involved in this proceeding. In our opinion, this condemnation proceeding from its inception was fatally defective by reason of the Town Board's failure to obtain the electorate's prior approval of the proposed acquisition by a referendum vote, pursuant to sections 81 and 220 of the Town Law. It is true that in certain instances section 35.00 of the Local Finance Law has eliminated the need for a referendum *on the question of financing* an improvement therein mentioned, where such improvement is to be financed pursuant to the provisions of that statute. But that statute is confined to the question of financing; it leaves unaffected and unchanged the provisions of sections 81 and 220 of the Town Law, which require a referendum on the question whether the improvement or the acquisition should be undertaken at all (cf. *Knapp* v. *Fasbender, 278* App. Div. 970). In view of this disposition on the claimants' appeal, the appeal of the Town Board is dismissed as academic. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.