William J. Crangle, J.
Certain electors of the Town of Halfmoon, Saratoga County, dissatisfied with salary raises provided in the town’s budget adopted for the fiscal year 1975, filed a petition with the town clerk requesting that a referendum be held pursuant to section 91 of the Town Law for the purpose of voting upon the adoption of the budget. The town board and its supervisor, individually, have commenced this special proceeding by order to show cause, requesting, inter alia, that the relief sought by the electors, i.e., a referendum to approve a town budget, be adjudged unauthorized and unpermissible under the law and that an injunction issue restraining the submission of the resolution to the electors.
In view of the pressing need for a determination of a dispute which involves the legality of a now current municipal *158 budget the court will consider the petition upon its merits although perhaps a plenary action for declaratory judgment would be an alternative form of procedure. The court has jurisdiction of the parties and the subject matter (Bloom v Mayor, 35 AD2d 92; Division of Human Rights v New York State Police, 77 Misc 2d 597).
Provision for referendum is made under sections 81, 220 and 221 of the Town Law which specifically list certain propositions which may properly be referred to popular vote. Section 81 (subd 1, par [e]) of the Town Law in addition states that any proposition may be submitted "which may lawfully be submitted, pursuant to this chapter or special law.” Nowhere, however, does there appear to be specific authority for submitting a town budget to referendum.
The town board is the governing body of the municipality (Town Law, § 60; Berean v Town of Lloyd, 5 AD2d 924). Section 27 of the Town Law provides that the town board shall fix the salaries of all officers and employees of the town whether elected or appointed, albeit it may not fix the salaries of certain officers at an amount in excess of the amounts specified in the notice of hearing on the preliminary budget. It is the town board which is made responsible for the operation of the budget system (Town Law, §§ 110-121), and is required to adopt the annual budget after a public hearing upon the preliminary budget (Town Law, § 113). The board is under the direction of the State Comptroller as to budget format and it might be said that it has the benefit of the guidance of the public will expressed at the budget hearing as to proposed expenditures. However, in the end it is the responsibility of the board alone to decide upon and to adopt the final budget. In the absence of an express authority therefore a referendum is unlawful and would constitute an infringement upon the right of the town board to make decisions in the area of its responsibility (Mills v Sweeney, 219 NY 213; Town Law, § 90; 1965 Opns. Atty. Gen. [Inf. Opns.] 123).
Complaint is made that the town board has illegally provided in the budget for the payment of two additional councilmen in the town government. If a town board acts beyond its jurisdiction, redress may be had in the courts for relief (Knapp v Fasbender, 278 App Div 970). However, such action does not warrant a referendum on the subject. This would cure nothing. If the board does not proceed in accordance with *159 statutory provision with reference to the two proposed offices, judicial interference will be warranted.
It is therefore concluded that the petition filed with the town clerk on December 17, 1974 seeking a referendum is unauthorized in law and therefore void and that the submission to referendum of a proposition to adopt a budget for 1975 for the Town of Halfmoon should be enjoined.
In view of this decision further comment upon petitioners’ allegations as to the form of and the legal defects in the electors’ petition is unnecessary.