HON. JOHN N. McCABE Village Attorney, Haverstraw
This is in response to your letter received on April 30, 1976, wherein you ask for an opinion of the Attorney General whether or not the Mayor of the Village of Haverstraw, at a reorganizational meeting of the Board of Trustees or any other Board meeting, has the authority to order each of the Trustees to sit at a particular seat at such meeting. You further ask that if the answer to your question should be in the affirmative and a Trustee refuses to sit where ordered and directed, what recourse would be available to the Mayor.
Village Law, § 4-400(1) (a), provides:
"1. It shall be the responsibility of the mayor:
 "a. To preside at the meetings of the board of trustees, and may have a vote upon all matters and questions coming before the board * * *."
Village Law, § 4-412(2), provides, in part:
 "2. Procedure for meetings. The mayor of the village shall preside at the meetings of the board of trustees as provided in section 4-400 of this article. * * * The board may determine the rules of its procedure * * *." (Emphasis supplied.)
Unless authorized by duly adopted rules of procedure promulgated by the Board of Trustees, there is no authority in Village Law, §4-400, nor any other statute, which would empower the Mayor of the Village of Haverstraw, at a reorganizational meeting or any other Board meeting, to order each of the Trustees to sit in a particular seat at such meeting, since the Board of Trustees is vested with the power of determining the rules of its procedure under provisions of Village Law, § 4-412(2).
A referendum on a local law implementing the New York State Building Code in the Town of Easton is neither authorized nor permissible.
Dated: May 11, 1976
RICHARD E. MCLENITHAN ESQ. Town Attorney, Easton
We acknowledge receipt of your letter inquiring whether a local law implementing the state building code in the Town of Easton is subject to a permissive referendum.
"Government by representation is still the rule. Direct action by the people is the exception." Mills v. Sweeney, 219 N.Y. 213. See, also, Browne v. City of New York, 241 N.Y. 96; Matterof McCabe v. Voorhis, 243 N.Y. 401; Elkind v. City of NewRochelle, 5 Misc.2d 296, affd. 4 A.D.2d 761, affd. 5 N.Y.2d 836;Application of Town of Halfmoon, 81 Misc.2d 157.
We find no specific authority in the statute which would authorize a referendum on the adoption by a town of the state building code.
It is our opinion that a referendum on a local law implementing the New York State Building Code in the Town of Easton is neither authorized nor permissible.